**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WHENSKY PIERRE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, LEONARD ODDO, et.al,<br><br>Respondents. | ) | 3:26-cv-01918 |

**ORDER DIRECTING RESPONDENTS TO SHOW CAUSE, DIRECTING THE ENTRY OF APPEARANCE FOR RESPONDENTS, PROVIDING NOTICE OF SERVICE, DIRECTING FURTHER PROCEEDINGS AND FILINGS, AND ADDRESSING OTHER REQUESTS FOR RELIEF**

Over a month ago, the United States Court of Appeals for the Third Circuit held that the detention of certain noncitizens already present in the United States is generally governed by 8 U.S.C. § 1226(a), which requires a bond hearing if the noncitizen is detained upon administrative consideration of release, and that detention of noncitizens under § 1226(a) without a bond hearing before a neutral decisionmaker violates the Due Process Clause of the United States Constitution. *Buele Morocho v. Warden Philadelphia FDC*, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001); *Mathews v. Eldridge*, 424 U.S. 319 (1976). After a careful review of Petitioner's Petition for a Writ of Habeas Corpus (and annexed documents or materials) along with the other papers of record, this Court preliminarily concludes that it appears that Petitioner's Petition is governed by the principles set out in the above-referenced cases and is well-taken in that the Petitioner has to date been detained without being provided with such a bond hearing as is required by law.

Counsel for Respondents shall file a notice of appearance within 3 days of this Order. **In light of the caselaw set forth above, Respondents are further ORDERED to SHOW CAUSE by a filing on the docket of this Court within 7 days of the date of this Order demonstrating good cause as to why the Court should not grant the Petition and order Petitioner's immediate release from detention if prior to the date of this Order, a bond hearing as to Petitioner's custody has not been completed with a bond/release decision by an Immigration Judge. In such filing the Respondents shall also confirm: (1) the statutory basis for Petitioner's initial and continued detention; (2) if Petitioner is detained under § 1226(a), that Respondents have relied upon the requisite warrant required by law for Petitioner's continued detention; and (3) if Petitioner is detained under § 1226(a) and has requested an Immigration Judge to conduct a bond hearing in order to review Petitioner's custody determination, (a) the date which such bond hearing has been or will be held and (b) the date which the scheduling of such bond hearing occurred.** Respondents shall thereafter file on the docket a prompt notice of the date such hearing was held along with setting forth its outcome.

To the extent that the filings of the Petitioner seek the award of counsel fees/costs pursuant to the Equal Access to Justice Act ("EAJA") or other provisions of law, the Respondents shall also set forth or file a statement of position as to such requested relief within 14 days of the date of this Order.

Petitioner may file a reply within (7) days of Respondents filing their Response to this Order and any statement of position as to EAJA fees. To the extent that the filings of the Petitioner seek the entry of a temporary restraining order directing release or a bond hearing, such request is DENIED without prejudice in light of the matters set forth in this Order.

The Court hereby notifies Petitioner that copies of this Order and the Petition were emailed by the Court to the United States Attorney's Office for the Western District of Pennsylvania this date. This email service is deemed sufficient to accomplish formal service of the Petition on Respondents.

DATED this 2nd day of October, 2026.

/s/ Mark R. Hornak
United States District Judge